UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-1911 AGF |
| ) | |
| MERCY HOSPITAL FESTUS, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without pre-payment of the required filing fee.[1] The Court will grant the motion and, for the reasons stated below, will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

---

[1] Plaintiff has not filed a separate motion for in forma pauperis. Rather, he seeks pauper status in the body of his complaint, stating that he only receives $5.00 per month as an inmate at ERDCC. Plaintiff additionally states that he is unable to ascertain a copy of his prison account statement.

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit an inmate trust account statement along with the instant motion. As a result, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess a "reasonable" amount).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.

1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

The instant complaint is one of over a hundred civil rights complaints that plaintiff has recently filed in this Court. He brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names the following individuals and entities as defendants in this action: Mercy Hospital Festus; Mercy Health Care; Mercy Director; Mercy Assistant Director; Mercy Superintendent; Mercy Assistant Superintendent; and Mercy ER Staff.

Plaintiff sets forth his statement of claim in his complaint. His allegations are best understood if quoted in full. They are as follows.

> This is in regards to I got stopped in Desoto one night. I was sick badly puking everywhere. Officer Anderson, Officer Daily called 911. They take me to Mercy, gave me food told me I was good to go no test nothing. I'm a sovereign citizen I should not been treated that way.

Plaintiff identifies his injuries as post-traumatic stress disorder and generalized pain. As relief, plaintiff seeks an award compensatory and likely punitive damages in over "$8,900 trillion dollars." Plaintiff also seeks an award of various stocks, including stocks from other countries, in other hospital facilities, in steel, oil, gold, silver, lead, coal, aluminum, wheat, dairy, pork, zinc, and in various military systems. Plaintiff describes in detail the manner in which he intends to use the proceeds of this lawsuit, including donations to charitable entities and in scholarships to family members.

## Discussion

Plaintiff has named various entities of Mercy Hospital, as well as Unknown persons who worked at Mercy Hospital, as defendants, and he claims "they" did not properly treat him one night when the Desoto police took him to the hospital after he was stopped and feeling ill. Plaintiff does not specify when this occurred.

While plaintiff brings this action pursuant to 42 U.S.C. § 1983, he alleges no facts permitting the inference that Mercy Hospital and its employees and various entities are state actors. Even assuming defendants could be considered state actors, plaintiff's conclusory allegations would not state a claim of deliberate indifference to serious medical needs. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

To the extent plaintiff can be understood to bring a state law medical negligence action against defendants, he has neither pleaded jurisdictional grounds to do so, nor alleged facts that

4

would state a plausible medical negligence claim.[2] The Court therefore concludes that the complaint fails to state a claim upon which relief may be granted against defendants.

It also appears this action is subject to dismissal because it is factually frivolous. In the complaint and supplemental document, plaintiff alleges he is entitled to recover trillions of dollars in damages from the Mercy Hospital defendants for claims that either entirely lack factual support, or are based upon irrational factual assertions. Such allegations rise to the level of the irrational or wholly incredible, and reflect the thoughts of a delusional individual. The Court therefore concludes that plaintiff's allegations are "clearly baseless" under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25.

Finally, it appears this action is subject to dismissal because it is malicious. Since filing this action, plaintiff has submitted to this Court an astonishing number of civil complaints seeking to bring civil rights actions against these defendants and others. Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are in many cases duplicative. For example, plaintiff has brought at least two prior actions with allegations against the Mercy Hospital system. *See Engel v. Jefferson County Prosecuting Attorney's Office*, No. 4:20-cv-1245 SRC (E.D.Mo); *Engel v. Mercy Health Care Provider*, No. 4:20-cv-1892 MTS (E.D.Mo);

It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *see also Tyler*, 839 F.2d 1290

---

[2]For example, plaintiff has not indicated that he has a medical affidavit necessary to pursue a medical negligence claim. Missouri law requires a plaintiff to file, within 90 days of the date of the complaint, an affidavit attesting to the merits of an action such as the one at bar. Mo. Rev. Stat. § 538.225 (2000), *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 331 (Mo. 2011) (en banc).

(noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Having considered the instant complaint as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed in forma pauperis. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). *See Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 1-1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 8th day of January, 2021.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE